# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 3:03-cr-109

                                  District Judge Walter Herbert Rice
    -vs-                            Chief Magistrate Judge Michael R. Merz

CHRISTOPHER M. CAMPBELL,

        Defendant.

---

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion for Reconsideration of denial of his Motion to Vacate under 28 U. S. C. §2255. The Motion is purportedly brought under Fed. R. Civ. P. 59.

In this case the Court entered final judgment denying the §2255 Motion and any requested certificate of appealability on March 7, 2005. Fed. R. Civ. P. 59(b) provides that "[a]ny motion for new trial shall be filed no later than ten days after entry of the judgment." Under Fed. R. Civ. P. 6, since the length of time involved is less than eleven days, intervening Saturdays, Sundays, and legal holidays are not counted. Therefore, the last day on which a motion under Rule 59 could be filed was March 21, 2005. Mr. Campbell's Motion was not filed until April 11, 2005. However, because he is incarcerated, he is entitled to the benefit of the mailbox rule and the Motion is deemed filed as of the date he deposited it with prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). According to his certificate of service, that happened no earlier than April 6, 2005.

1

Since the Motion for Reconsideration is untimely, it should be denied.

April 13, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\USA v. Campbell 2255 04.wpd