# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

:

    Plaintiff,                                          Case No. 3:03-cr-109

:          District Judge Walter Herbert Rice
  -vs-                                         Chief Magistrate Judge Michael R. Merz

CHRISTOPHER L. CAMPBELL,

:

    Defendant.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Defendant's Motion for Certificate of Appealability (Doc. No. 48) which the Sixth Circuit Court of Appeals had directed be docketed as a notice of appeal.

Defendant filed his Motion to Vacate under 28 U.S.C. §2255 on December 17, 2004. On February 7, 2005, the undersigned recommended that the Motion be denied, along with any application to appeal *in forma pauperis* and request for certificate of appealability. Defendant was notified of the consequences of failure to object within the time allowed by Fed. R. Civ. P. 72, but filed no objections. On March 7, 2005, the Court adopted the Report and Recommendations in their entirety. Defendant filed a Motion for Reconsideration which was denied because it was untimely filed.

Thereafter, Defendant sought and received two extensions of time to file for a certificate of appealability and has now done so within the time he was granted. However, Defendant has nothing to appeal: by failing to timely object, he waived his right to appeal from the matters decided in the Report and Recommendations. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas*

*v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Even if he had timely objected, he has not shown the Court's decision is one on which reasonable jurists would disagree. In fact, since the initial Report and Recommendations, the Sixth Circuit has held that the *Blakely-Booker* line of cases does not apply to cases on collateral reviews. *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005).

Therefore the Motion for Certificate of Appealability should be denied.

August 1, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).